FILED by \_\_\_\_JA\_\_\_\_ D.C.

Mar 20, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

20-20163-CR-SCOLA/TORRES

Case No. _____

18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

CARLOS ENRIQUE URBANO FERMIN,

   Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1.  Petróleos de Venezuela S.A. ("PDVSA") was the state-owned and state controlled oil company in Venezuela. PDVSA was responsible for the exploration, production, refining, transportation, and trade in energy resources in Venezuela and provided funding for other operations of the Venezuelan government.

2.  PDVSA entered into various joint ventures with foreign oil companies to leverage the expertise of those oil companies (the "PDVSA Subsidiaries" or, individually, a "PDVSA Subsidiary"). PDVSA maintained a majority stake in, and largely controlled, the PDVSA Subsidiaries and that control extended to the procurement process.

3.  Petrolera Sinovensa, S.A. ("Petrolera Sinovensa") was a PDVSA Subsidiary that consisted of a combination of PDVSA and a Chinese oil company, with majority control belonging to PDVSA. PetroMiranda, S.A. ("PetroMiranda) was a PDVSA Subsidiary that consisted of a

combination of PDVSA and a Russian oil company, with majority control belonging to PDVSA. Petrocedeño, S.A. ("Petrocedeño") was a PDVSA Subsidiary that consisted of a combination of PDVSA and two European oil companies, with majority control belonging to PDVSA.

  4. Defendant **CARLOS ENRIQUE URBANO FERMIN** was a Venezuelan citizen residing in Venezuela through at least early 2017. **URBANO FERMIN** owned or controlled several companies that supplied goods or services to PDVSA Subsidiaries, including CEUF Corporation Limited S.A. and Constructora Urbano Fermin C.A.

  5. Venezuelan Official 1, an individual whose identity is known to the United States, was a high-ranking prosecutor in Venezuela.

  6. Intermediary 1, an individual whose identity is known to the United States, was a lawyer in Venezuela and had a close relationship with Venezuelan Official 1.

## CONSPIRACY TO COMMIT MONEY LAUNDERING

From in or around 2014, and continuing through in or around 2017, in the Southern District of Florida, and elsewhere, the defendant,

**CARLOS ENRIQUE URBANO FERMIN**

did knowingly and willfully, that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with others known and unknown to the United States Attorney, including but not limited to Venezuelan Official 1 and Intermediary 1, to commit offenses against the United States, namely:

  a. knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, to conduct financial transactions affecting interstate and foreign commerce, which financial transactions involved the proceeds of specified unlawful activity, namely, offenses against a foreign nation, specifically Venezuela, involving bribery of a

public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv), with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

  b. knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, to conduct financial transactions affecting interstate and foreign commerce, which financial transactions involved the proceeds of specified unlawful activity, namely, offenses against a foreign nation, specifically Venezuela, involving bribery of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv), knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

  c. transporting, transmitting, and transferring a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from or through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, namely, offenses against a foreign nation, specifically Venezuela, involving bribery of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv), in violation of Title 18, United States Code, Section 1956(a)(2)(A).

## **PURPOSE OF THE CONSPIRACY**

  1. The purpose of the conspiracy was for **CARLOS ENRIQUE URBANO FERMIN** and his co-conspirators to engage in financial transactions that promoted the scheme to bribe

Venezuelan public officials that concealed and disguised the nature, the source, the ownership, and the control of the funds to bribe Venezuelan public officials.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **CARLOS ENRIQUE URBANO FERMIN** and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following, while in the Southern District of Florida and elsewhere.

2. **CARLOS ENRIQUE URBANO FERMIN** agreed with others, including Intermediary 1, to pay bribes for the benefit of Venezuelan Official 1 through Intermediary 1 in exchange for assistance in preventing the Urbano Fermin Companies from being prosecuted for corrupt activities related to the procurement process at the PDVSA Subsidiaries.

3. **CARLOS ENRIQUE URBANO FERMIN** and his co-conspirators, agreed to conceal, and did in fact conceal, the nature, source, ownership, and control of the bribes and kickbacks paid, and caused to be paid, by **URBANO FERMIN** and others by directing that the payments be made to bank accounts in the United States, including in the Southern District of Florida, held in the name of third parties.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the purpose and objects thereof, **CARLOS ENRIQUE URBANO FERMIN** and his co-conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

4. In or around early 2017, Intermediary 1 informed **CARLOS ENRIQUE URBANO FERMIN** that he/she could prevent criminal charges from being brought against the Urbano Fermin Companies as a result of his close relationship with Venezuelan Official 1.

4

5. On or about April 3, 2017, **CARLOS ENRIQUE URBANO FERMIN** caused a wire transfer of approximately $100,000 from an account of **URBANO FERMIN** in the United States to an account for the benefit of Intermediary 1 at a bank in Coral Gables, Florida.

All in violation of Title 18, United States Code, Section 371.

## **FORFEITURE**
(18 U.S.C. § 981(a)(1)(C))

1. The allegations contained in the Information are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **CARLOS ENRIQUE URBANO FERMIN**, has an interest.

2. Upon conviction of a conspiracy to commit a violation of Title 18, United States Code, Section 1956(a), as alleged in this Information, the defendant, **CARLOS ENRIQUE URBANO FERMIN**, shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture includes, but is not limited to (a) a forfeiture money judgment in an amount equal to the amount of proceeds traceable to the violation; and (b) directly forfeitable property.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

*[signature]*
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

By: *[signature]*
MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

ROBERT ZINK, CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By: *[signature]*
h- JOHN-ALEX ROMANO
TRIAL ATTORNEY, FRAUD SECTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

CARLOS ENRIQUE URBANO FERMIN,

_____Defendant._____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

**Court Division**: (Select One)
- ✓ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

New defendant(s)    Yes ___   No ___
Number of new defendants ___
Total number of counts ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    Yes
   List language and/or dialect    SPANISH

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   0 to 5 days   ✓
   - II   6 to 10 days
   - III   11 to 20 days
   - IV   21 to 60 days
   - V   61 days and over

   (Check only one)
   - Petty
   - Minor
   - Misdem.
   - Felony   ✓

6. Has this case previously been filed in this District Court? (Yes or No)   No
   If yes: Judge    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)   No
   If yes: Magistrate Case No.
   Related miscellaneous numbers:
   Defendant(s) in federal custody as of
   Defendant(s) in state custody as of
   Rule 20 from the District of
   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

_____
MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501557

*Penalty Sheet(s) attached

REV 8/13/2018

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: CARLOS ENRIQUE URBANO FERMIN

$100K PSB
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   MICHAEL N. BERGER

Last Known Address: _____

What Facility: _____

Agent(s):   S/A SHAUNA WILLARD
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| CARLOS ENRIQUE URBANO FERMIN, | ) | **20-20163-CR-SCOLA/TORRES** |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*