UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CR-20163-SCOLA

UNITED STATES OF AMERICA

v.

**CARLOS ENRIQUE URBANO FERMIN,**

    **Defendant.**

_____/

**UNITED STATES' UNOPPOSED MOTION FOR
PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 981(a)(1)(C), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby moves for the entry of a Preliminary Order of Forfeiture against Defendant Carlos Enrique Urbano Fermin (the "Defendant") in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $3 million. In support of this motion, the United States sets forth the following factual and legal bases.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On March 20, 2020, the United States filed an Information charging the Defendant in the sole count with conspiracy to commit money laundering in violation of 18 U.S.C. § 371. Information, ECF No. 1. The Information also contained forfeiture allegations, which alleged that upon conviction of a violation of a conspiracy to violate 18 U.S.C. § 1956, the Defendant shall forfeit all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C). *See id.* at 5.

On April 19, 2021, the Court accepted the Defendant's guilty plea to the sole count of the

Information.  *See* Minute Entry, ECF No. 14; Plea Agreement ¶ 2, ECF No. 12.  As part of the guilty plea, the Defendant agreed to "a forfeiture money judgment in an amount equal to the amount of proceeds traceable to the violation." *Id.* at 11.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction.  *See* Factual Proffer (redacted), ECF No. 13.  On July 26, 2022, the Defendant and his counsel executed a Consent to Forfeiture, which also provided a basis for the forfeiture of property. *See* Consent to Forfeiture, ECF No. 53.

## II.  MEMORANDUM OF LAW

### A.  Directly Forfeitable Property

All property, real or personal, which constitutes or is derived from gross proceeds traceable to a violation of 18 U.S.C. 1956(a), is subject to forfeiture to the United States. 18 U.S.C. § 981(a)(1)(C).

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence.  *See* 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)].  Criminal forfeiture is governed by the preponderance standard.  *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003).  Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

### B. Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy the forfeiture money judgment, the Court must order the forfeiture of such property. *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order."). The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The Court in imposing a forfeiture money judgment may rely on an agent's reliable hearsay. *See United States v. Stathakis*, 2008 WL 413782, at *14

n.2 (E.D.N.Y. Feb. 13, 2008). The defendant's money judgment amount can be based on a reasonable estimate on the amount of property subject to forfeiture. *See, e.g., United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011); *United States v. Peithman*, 917 F.3d 635, 651 (8th Cir. 2019); *United States v. Vico*, 2016 WL 233407, at *7 (S.D. Fla. Jan. 20, 2016) (calculation of money judgment does not require mathematical exactitude; district court may make a reasonable extrapolation supported by a preponderance of the evidence).

### C. Property Subject to Forfeiture in Instant Criminal Case

Defendant admitted that he personally received approximately $3 million traceable to his participation in the conspiracy to commit money laundering as alleged in the Information. *See* Consent to Forfeiture, ¶ 6, ECF No. 53. An unredacted Factual Proffer detailing the Defendant's illegal activity was filed with the Court under seal. *See* Factual Proffer (redacted), ECF No. 13.

Based on the record in this case, the total value of the proceeds traceable to the offense of conviction is $3 million, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

**WHEREFORE**, pursuant to 18 U.S.C. § 981(a)(1)(C), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

### LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred

with defense counsel via phone call on July 14, 2022, and via email on July 27, 2022, and there is no objection to the relief sought.

                                          Respectfully submitted,

                                          **JUAN ANTONIO GONZALEZ**
                                          **UNITED STATES ATTORNEY**

By:    *s/ Sara M. Klco*
          Sara M. Klco
          Assistant United States Attorney
          Fla. Bar No. 60358
          99 N.E. 4th Street, 7th Floor
          Miami FL, 33132-2111
          Telephone: (305) 961-9036
          E-mail: Sara.Klco@usdoj.gov